

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARL W. SCHENKER,<br><br>                     Plaintiff,<br>v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                     Defendants. | Case No. 3:17-cv-00733-MMD-VPC<br><br>ORDER |

Plainitff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*, a motion for appointment of counsel, a motion to extend the copy limit, a motion to show cause, a motion for res extincta, a February 5, 2018 notice (ECF No. 5), a March 29, 2018 notice (ECF No. 6), and a June 25, 2018 notice (ECF No. 8) (ECF No. 1-1, 1-2, 1-3, 3, 4, 5, 6, 8). The matter of the filing fee shall be temporarily deferred.

**I.    Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 1-2). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§

1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel at this time, without prejudice.

## II. Motion to Extend the Copy Limit

Plaintiff has filed a motion to extend his copy work limit. (ECF No. 1-3). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

Plaintiff has presented no information to indicate that an extension is necessary at this time, and it is apparent that Plaintiff has been able to file a significant number of documents in this case since filing his motion for an extension of the copy work limit. Therefore, the Court will deny the motion to extend the copy work limit without prejudice to Plaintiff renewing the motion in the future should he be able to demonstrate a need for an extension at that time.

## III. Motion to Show Cause and Motion for Res Extincta

On December 27, 2017, Plaintiff filed a motion to show cause. (ECF No. 3). On January 16, 2018, Plaintiff filed a motion for res extincta regarding the motion to show cause. (ECF No. 4). In the motion for res extincta, Plaintiff represented that the motion to show cause was moot. (*Id.* at 1.) The Court construes the motion for res extincta as a

motion to dismiss the motion to show cause. So construed, the motion for res extincta (ECF No. 4) is granted and the motion to show cause (ECF No. 3) is dismissed as moot.

**IV. Leave to Amend**

It appears to the Court that, in Plaintiff's February 5, 2018 notice (ECF NO. 5), March 29, 2018 notice (ECF No. 6), and June 25, 2018 notice (ECF No. 8), Plaintiff seeks to amend his complaint. The Court will not piecemeal documents together to determine whether Plaintiff states any colorable claims in his complaint. The Court therefore declines to screen Plaintiff's complaint at this time and grants Plaintiff leave to file a First Amended Complaint.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and specific factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff is advised to follow the instructions on the form and, for each claim, allege the particular facts that show how each Defendant violated his civil rights.[1]

Plaintiff's February 5, 2018 notice (ECF No. 5), March 29, 2018 notice (ECF No. 6), and June 25, 2018 notice (ECF No. 8) shall be stuck from the docket as all claims, defendants, and specific factual allegations that Plaintiff wishes to pursue in this litigation

---

[1] Plaintiff is advised that the Nevada Department of Corrections is an arm of the State of Nevada and is not a "person" subject to suit for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

3

must be contained within either the original complaint or the First Amended Complaint, should Plaintiff choose to file an amended complaint.

The Court notes that, if Plaintiff chooses to file an amended complaint, Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint, the Court will screen Plaintiff's original complaint (ECF No. 1-1), <u>only</u>.

### III. Conclusion

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 1-2) is denied at this time, without prejudice.

It is further ordered that Plaintiff's motion for an extension of the copy limit (ECF No. 1-3) is denied at this time, without prejudice.

It is further ordered that the motion for res extincta (ECF No. 4) is granted and the motion to show cause (ECF No. 3) is dismissed as moot.

It is further ordered that, if Plaintiff chooses to file an amended complaint, as outlined in this order, Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1), February 5, 2018 notice (ECF No. 5), March 29, 2018 notice (ECF No. 6), and June 25, 2018 notice (ECF No. 8). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order.

It is further ordered that, if Plaintiff chooses not to file an amended complaint within thirty (30) days, the Court will screen Plaintiff's complaint (ECF No. 1-1), <u>only</u>.

It is further ordered that Plaintiff's February 5, 2018 notice (ECF No. 5), March 29, 2018 notice (ECF No. 6), and June 25, 2018 notice (ECF No. 8) shall be struck from the docket.

DATED THIS 10th day of July 2018.

/s/ Valerie P. Cooke
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE